## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| B.W.E. & T.M.E., INC., d/b/a ) | |
| MILLSTADT PHARMACY, *et. al.*, ) | |
| ) | |
| Plaintiffs[1], ) | |
| ) | |
| vs. ) | Case No. 22-cv-2152-DWD |
| ) | |
| OPTUMRX, INC., successor by merger ) | |
| to Catamaran Corporation, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 16), Plaintiffs' Motion to Remand (Doc. 17), Plaintiffs' Motion for Jurisdictional Discovery (Doc. 25), and Defendant's Motion for Hearing (Doc. 51).

### Background

On August 2, 2022, Plaintiffs, consisting of 95 independently owned pharmacies located throughout the United States filed a complaint against Defendant OptumRX, Inc. in the Circuit Court of St. Clair County, Illinois (Doc. 1-1). As alleged in the Complaint, Plaintiffs are small-business, independent pharmacies throughout the United States (Doc. 1-1, ¶ 97). Plaintiffs are specifically alleged to be citizens of Arkansas, California, Colorado, Illinois, Iowa, Kansas, Kentucky, Missouri, Montana, Nebraska, New

---

[1] Plaintiffs include 95 corporate pharmacies. Each Plaintiff is more fully described on the docket sheet. To assist with the efficiency and organization of these claims, the Court **FINDS** it appropriate to use an abbreviate case caption as this time.

Hampshire, New Jersey, Ohio, South Carolina, and Utah (Doc. 1-1, ¶¶ 1-95).  Defendant is a California corporation, with its principal place of business in California (Doc. 1-1, ¶ 97), and a wholly owned subsidiary of United Health Corporation (Doc. 1-1, ¶ 98).

In July 2015, Defendant acquired and merged with the Illinois based Catamaran Corporation, which was headquartered in Schaumburg, Illinois (Doc. 1-1, ¶ 99). According to Plaintiffs, following the merger and until at least 2020, Defendant paid claims using two sets of systems (Doc. 1-1, ¶ 100).  For health plans which had contracted with Catamaran, claims were processed and paid in Illinois using the legacy Catamaran systems and personnel in Illinois (*Id.*).  For the Optum line of business, claims were processed through Optum's pre-existing facilities in California and Minnesota (*Id.*). Plaintiffs seek redress against Defendant for alleged breaches of contract and violations of state and federal laws related to Defendant's reimbursement practices for prescription drugs (Doc. 1-1).

On September 14, 2022, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1332(a) asserting diversity jurisdiction (Doc. 1).  The parties do not dispute that the amount in controversy requirement is satisfied here.  However, complete diversity of citizenship does not appear on the face of the Complaint because Defendant and one Plaintiff, Dr. Ike, Inc., are both alleged citizens of California (Doc. 1-1, ¶ 19; Doc. 1, ¶ 6). Nevertheless, Defendant asks the Court to disregard the jurisdictional allegations in the Complaint concerning Dr. Ike, Inc. because Defendant maintains that Dr. Ike, Inc. is not a citizen of California, but instead a citizen of Illinois (Doc. 1, ¶ 13). Plaintiffs disagree and move to remand (Doc. 17; Doc. 18).

2

Defendant also moves to dismiss Plaintiffs' Complaint for improper venue, lack of personal jurisdiction, and a failure to state a claim (Doc. 16). Defendant argues that Plaintiffs' contracts include a forum-selection clause that require all disputes to be arbitrated in either California or Minnesota (Doc. 16, p. 4).[2] Alternatively, Defendant asks that three categories of claims be dismissed for lack of personal jurisdiction.[3]  Those claims include:

> (1)  The claims of five out-of-state Plaintiffs, Danville HC Inc., Ely Extended Care, J3A Inc., Freeze Pharmacy LLC, and M Holdings LLC, who have no connection to Illinois or Defendant's purported contacts in Illinois (Doc. 16, p. 12), and

> (2)  The claims of out-of-state Plaintiffs that were submitted: (a) prior to Defendant's merger with Catamaran in July 2015 because Defendant claims it had no connection to Illinois prior to July 2015, and (b) after February 2018, because Defendant claims it no longer processed claims or had personnel in Illinois after February 2018.

Defendant categorizes Plaintiff Dr. Ike, Inc.'s claims as those of a "Non-Illinois Plaintiff" with at least one paid claim submitted after February 28, 2018 (Doc. 16-4, p. 7) and a "Non-Illinois Plaintiff" with at least one claim submitted before June 30, 2015 (Doc. 16-4, p. 10).   As further detailed below, this argument is seemingly inconsistent with Defendant's insistence in its Notice of Removal that Dr. Ike, Inc. is a citizen of Illinois (*See* Doc. 1, ¶ 13).

---

[2] Defendant has currently filed a petition to compel arbitration against nearly all the Plaintiffs in this matter in the Central District of California and the California Superior Court (Doc. 16, p. 3) (*citing OptumRx, Inc. v. A & S Drugs LLC, et al.*, No. 8:22-cv-00468-FLA (C.D. Cal.); *OptumRx v. Odedra Enters., Inc., et al.*, No. 30-2022-01252611-CU-PT-CJC (Cal. Super. Ct.)).  Defendant represents that its petitions are still pending.

[3] Defendant denies that the Court has general personal jurisdiction over it but concedes that the Court may have specific personal jurisdiction over it for some of Plaintiffs' Illinois-related claims (Doc. 16, p. 9).

The parties further disagree as to which jurisdictional inquiry the Court should decide first.  Defendant asks the Court to dispose of Dr. Ike, Inc.'s claims and rule on the personal jurisdiction issues raised in its Motion to Dismiss prior to resolving Plaintiff's Motion for Remand (Doc. 33, p. 5) (arguing that "[g]ranting OptumRx's motion [to dismiss] would significantly narrow and streamline this case"); *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999).  Whereas Plaintiffs move to conduct jurisdictional discovery prior to the Court ruling on Defendant's Motion to Dismiss (Doc. 25).  Defendant opposes the Motion for Jurisdictional Discovery (Doc. 33), and further asks that the Court conduct a hearing on Plaintiff's Motion for Remand (Doc. 51).  Plaintiffs oppose Defendant's request for a hearing (Doc. 52).

## Discussion

Federal courts have "leeway 'to choose among threshold grounds for denying audience to a case on the merits.'"  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999), *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100–101 (1998)).  Thus, the Court is permitted to resolve underlying personal jurisdiction questions before first resolving issues of subject matter jurisdiction.  Here, the Court finds that the question of its subject-matter jurisdiction is the most straight-forward analysis. *See Ruhrgas AG*, 526 U.S. at 587–88 (if subject-matter jurisdiction involves "no arduous inquiry," then "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first").  Thus, the Court will resolve Plaintiffs' Motion to Remand first.  In doing so, the Court **DENIES** Defendant's Motion for Hearing (Doc. 52).  In reviewing the

4

parties' briefs and submissions, the Court finds that a hearing is unnecessary and would not assist in resolving the issues currently before the Court.

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Defendant, as the party seeking removal and invoking federal jurisdiction bears the burden of establishing federal jurisdiction. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Here, Defendant seeks to invoke the Court's diversity jurisdiction (Doc. 1), which is established if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). The removal statute is construed narrowly and any doubts regarding jurisdiction are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c); *Collier*, 889 F.3d at 897.

In evaluating its subject matter jurisdiction, the court may consider "summary judgment-type evidence such as affidavits and deposition testimony," as long as it does not use this evidence "to 'pre-try' the case[.]" *CC Indus., Inc. v. ING/Reliastar Life Ins. Co.*, 266 F. Supp. 2d 813, 815–16 (N.D. Ill. 2003) (citations omitted) (considering whether requirements of diversity jurisdiction were satisfied); *see also Luster v. JRE Fin., LLC*, No. 3:21-CV-00698-MAB, 2022 WL 255408, at *6 (S.D. Ill. Jan. 27, 2022) ("Generally, the Court

5

is entitled to consider any 'evidence [that] sheds light on the situation which existed when the case was removed' to ascertain whether there is federal subject matter jurisdiction") (citing *Harmon v. OKI Sys.*, 115 F.3d 477, 480 (7th Cir. 1997); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 834 n.2 (S.D. Ill. 2006)).

In this case, it is undisputed that complete diversity does not exist on the face of the Complaint.  Plaintiff, Dr. Ike, Inc. d/b/a Dr. Ike's Pharmacare and Defendant are both alleged to be citizens of California (Doc. 1; Doc. 1-1, ¶¶ 19, 98).  However, in Defendant's Notice of Removal, Defendant argues that Plaintiff Dr. Ike, Inc. is a citizen of Illinois, stating:

> 13. Plaintiff Dr. Ike, Inc., d/b/a Dr. Ike's Pharmacare, is alleged in the Complaint to be a corporation with a place of business located at 111 N. Brand Blvd., Unit C, Glendale, CA 91202. OptumRx reviewed its records and found no pharmacy that submitted claims as "Dr. Ike's Pharmacare" at that address. Rather, the pharmacy address for claims submitted to OptumRx by "Dr. Ike's Pharmacare" is 15853 Monte St., Suite 101, Sylmar, CA 91342. According to the California Secretary of State's records, 15853 Monte St., Suite 101, Sylmar, CA 91342 is the business address of Dr. Ike's Pharmacare LLC, a Delaware LLC. For purposes of determining diversity, the citizenship of an LLC is the citizenship of its members. *RTP LLC v. ORIX Real Est. Cap., Inc.*, 827 F.3d 689, 691 (7th Cir. 2016). In its California filings, Dr. Ike's Pharmacare LLC lists only one member: Optio Rx, LLC, with an address of 311 S. Wacker Dr., Suite 2640, Chicago, IL 60606. Accordingly, on information and belief, the company that operates Dr. Ike's Pharmacare is a citizen of Illinois. See *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (diversity jurisdiction existed because the single member of the defendant LLC was "not a citizen of the same state as the plaintiff").

(Doc. 1, ¶ 13). If Plaintiff is a citizen of Illinois, then complete diversity of citizenship would be established.

Preliminarily, the Court observes three issues with Defendant's Notice of Removal.  First, it is well settled in this Circuit that a jurisdictional allegation based upon

information and belief is insufficient to establish federal subject matter jurisdiction. *See Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam); *Murphy v. Schering Corp.*, 878 F. Supp. 124, 125–26 (N.D. Ill. 1995) ("[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities (however high)."). Defendant also did not attach the underlying documents it refers to in its Notice, nor the dates upon which it reviewed those records. Finally, Defendant's allegations differ from Defendant's arguments in its Motion to Dismiss where Defendant categorizes Dr. Ike, Inc.'s claims as those of a "Non-Illinois Plaintiff" (Doc. 16-4, pp. 7, 10).

Nevertheless, in their Motion to Remand, Plaintiffs maintain that the Dr. Ike, Inc., d/b/a Dr. Ike's Pharmacare named in the Complaint is a California citizen, and a distinct entity from the Dr. Ike's Pharmacare LLC identified by Defendant. Plaintiffs represent that in April 2019, Dr. Ike, Inc. sold certain assets, including the name "Dr. Ike's Pharmacare", to a third party (Doc. 20). Plaintiffs further state that Dr. Ike, Inc. has no ownership interest in the pharmacy now owned by Dr. Ike's Pharmacare, LLC, but does retain certain ownership rights to receivables outstanding prior to April 2019 (Doc. 20). In support of these allegations, Plaintiffs submitted the declaration of Ayk Dzhragatspanyan, the founder and owner of Dr. Ike, Inc., Dr. Ike's Pharmacy, and Dr. Ike's Pharmacare (Doc. 20). Dzhragatspanyan provided the following background concerning Dr. Ike, Inc.'s corporate history:

1. Dr. Ike, Inc. began operations in 2010 when it registered with the California Corporation Bureau.

2. Between 2010 and 2019, Dr. Ike, Inc. submitted "tens of thousands of claims using NCPDP # 5649592[4] to OptumRX and Catamaran Corporation, a corporate predecessor of OptumRX.";

3. In April 2019, Dr. Ike, Inc. sold the "Dr. Ike's Pharmacare" name and other assets to Optio Rx. LLC.  Dr. Ike Inc. retains ownership of the receivables outstanding as of the date of sale, as well as the right to bring lawsuits for events occurring before the sale.

4. Since April 2019, Dr. Ike Inc. has had no ownership interest in the pharmacy doing business as "Dr. Ike's Pharmacare", which is now owned by Dr. Ike's Pharmacare, LLC, and is headquartered in Illinois.

5. On June 6, 2022, Dr. Ike, Inc. filed a certificate of dissolution with the State of California.

(Doc. 20).

Plaintiffs also supplied copies of: (a) Dr. Ike, Inc.'s Articles of Incorporation (Doc. 20-1) (indicating an incorporation date of January 2010), (b) Dr. Ike, Inc.'s Certification of Dissolution (Doc. 20-4) (indicating a dissolution effective June 6, 2022), and (c) Dr. Ike's PharmaCare LLC's Application of Register of a Foreign LLC (Doc. 20-2) (indicating a formation date of February 2019).[5]  These documents reveal that there are two "Dr. Ike" entities registered in California: the dissolved California Corporation, Dr. Ike, Inc., and the foreign LLC, Dr. Ike's PharmaCare, LLC.

---

[4] "NCPDP" refers to the National Council for Prescription Drug Programs registry (Doc. 34-1, p. 2). The NCPDP number identified by Plaintiff matches the NCPDP number listed for the California Dr. Ike's Pharmacare identified in Defendant's Motion to Dismiss.  *See* Doc. 16-4, p. 2, n.1 ("One Plaintiff (Dr. Ike, Inc. d/b/a Dr. Ike's Pharmacare) was not included in Plaintiffs' Counsel dispute letter. As such, I identified an NCPDP number (5649592) associated with the same pharmacy name (Dr Ike's Pharmacare) in the NCPDP provider registry.").

[5] The Court may take judicial notice of these documents.  *See* Fed. R. Evid. 201; *Houston v. United States*, 638 F. App'x 508, 514 (7th Cir. 2016); *Iconic Energy LLC v. Solar Permit Servs. Inc.*, No. 18 C 50020, 2018 WL 4520219, at *3 (N.D. Ill. June 4, 2018) (taking judicial notice of information from the California Secretary of State's business search database).

8

In response to these documents, Defendant maintains that Dr. Ike, Inc. is the wrong party plaintiff because the corporate address supplied in the Complaint does not match any entity (a) in its own business records, (b) registered with a secretary of state's office, or (c) listed on the National Council for Prescription Drug Programs (NCPDP) registry[6] (Doc. 34, p. 7; Doc. 34-1, ¶4).  The Complaint provides the following business address for Plaintiff Dr. Ike, Inc., d/b/a Dr. Ike's Pharmacare: "111 N. Brand Blvd, Unit C., Glendale CA 91202." (Doc. 1-1, ¶ 19).  Defendant, however, represents that in 2017, the Dr. Ike, Inc. registered with the California Secretary of State had the business address: "111**1** N. Brand Blvd., **#312**, Glendale CA 91202") (Doc. 34-1) (emphasis supplied).  Defendant's analytics expert further represented that she reviewed the NCPDP registry from May 2022 (Doc. 34-1 ¶ 4), and did not locate the Dr. Ike, Inc. named in the Complaint.  Defendant's expert did, however, find four other entities with partially matching corporation information (Doc. 34-1, ¶ 5).[7]

Defendant, however, fails to provide any legal authority to support its assertion that a minor difference in Dr. Ike, Inc.'s business address as it is listed in Plaintiffs' Complaint requires a finding that Dr. Ike, Inc. is not a citizen of California.  Indeed, for determining citizenship, the ***state*** of incorporation and principal place of business is the relevant inquiry, and not the corporation's exact street address.  *See* 28 U.S.C. § 1332(c)

---

[6]Defendant represents that the NCPDP registry "is the industry-standard method of identifying pharmacies" (Doc. 34, p. 22).

[7] These entities include: (1) Dr. Ike's Pharmacare LLC (NCPDP number 564959), with an address of 15853 Monte St., Ste 101, Sylmar, CA 91342; (2) Dr. Ike's Pharmacy #1 (NCPDP number 5654062), with an address of 7640 Tampa Ave, Ste 103, Reseda, CA, 91335; (3) Dr. Ike's Pharmacy (NCPDP number 5637888), with an address of 11736 Ventura Blvd., Studio City, CA 91604; and (4) Enovex Pharmacy (NCPDP number 5659199), with an address of 1111 N. Brand Blvd., Ste M, Glendale, CA 91202 (*See* Doc. 34-1, ¶ 5).

(corporations are deemed citizens of every state which it has been incorporated and where it has its principal place of business); *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018).

Similarly, Defendant has not provided any legal authority to support its argument that a failure to locate Plaintiff in its business records or the NCPDP registry conflicts with the jurisdictional facts alleged in the Complaint.  Indeed, in its own Motion to Dismiss, Defendant seemingly identified Plaintiff Dr. Ike, Inc. by its listed d/b/a name and corresponding NCPDP number, such that Defendant affirmatively argued that Dr. Ike, Inc.'s claims were categorized as those of a "Non-Illinois Plaintiff" (*See* Doc. 16-4, pp. 2, n. 1, 7, 10).  Moreover, the Court fails to understand how Defendant's inability to locate Plaintiff's information in the May 2022 NCPDP registry has any bearing on the jurisdictional allegations in the Complaint, especially when considering Plaintiff's declaration that it ceased operating the pharmacy known as "Dr. Ike's Pharmacare" in April 2019, and further dissolved in June 2022 (Doc. 20).

In sum, Defendant's evidence does not negate the existence of an entity named Dr. Ike, Inc. which is a citizen of California for diversity purposes.  Defendant merely refutes that this California Dr. Ike, Inc. is the correct party plaintiff in this matter.  However, this is not a case of mistaken identity or misjoinder of parties where Fed. R. Civ. P. 21 (governing misjoinder and nonjoinder of parties) or Fed. R. Civ. P. 25 (substitution of parties) are implicated.  Nor would such mechanisms permit the Court to substitute the alleged correct Dr. Ike entity as a party to cure jurisdictional defects.  *See, e.g., N. Tr. Co. v. Bunge Corp.*, 899 F.2d 591, 597 (7th Cir. 1990) ("We have found no case in which Rule

21 has been used to add parties to cure a defect in statutory jurisdiction."); *Bell v. Reid*, No. 6:21-MC-45-PGB-DCI, 2022 WL 17092522, at *1 (M.D. Fla. Nov. 21, 2022) ("Substitution under Rule 25(c) is purely a matter of convenience, and regardless of whether substitution is ordered, the respective substantive rights of the transferor or the transferee are not affected.").

Thus, at best, Defendant's additional evidence reveals that similar or related entities to Dr. Ike, Inc. exist, and these similar or related entities may be implicated in this case or other similar litigation.  While it is plausible that the circumstances surrounding Dr. Ike, Inc.'s asset sale and dissolution may impact the ultimate merits or recoverability of Plaintiff's claims, that is not a proper inquiry for the Court at this stage.  *See CC Industries, Inc.*, 266 F. Supp. 2d at 815–16 (in evaluating its subject matter jurisdiction, the court can consider "summary judgment-type evidence such as affidavits and deposition testimony," as long as it does not use this evidence "to 'pre-try' the case[.]"). Further, as the Seventh Circuit has confirmed, it is Plaintiffs' privilege, "as masters of the complaint" to "include (or omit) claims or parties in order to determine the forum."  *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). Therefore, while Defendant may prefer that some other Dr. Ike entity be the named party plaintiff in this matter, it is not, and the current record before the Court reveals that Plaintiff Dr. Ike, Inc., d/b/a Dr. Ike's Pharmacare is a citizen of California.  Therefore, complete diversity of citizenship does not exist so to provide this Court with subject matter jurisdiction.

Nevertheless, Defendant asks the Court to exclude Dr. Ike, Inc.'s citizenship for the purpose of determining diversity jurisdiction because Plaintiff was allegedly joined

to destroy diversity (Doc. 34).   This doctrine is called "procedural misjoinder" or "fraudulent misjoinder" and has been repeatedly rejected by courts in this District. *See In re Paraquat Prod. Liab. Litig.*, No. 22-PQ-1102, 2022 WL 3754820, at *4–5 (S.D. Ill. Aug. 30, 2022); *Feeley v. Bayer Corp.*, No. 18-CV-2090-NJR-GCS, 2019 WL 4261545, at *3 (S.D. Ill. Sept. 9, 2019) (collecting cases and declining to recognize the doctrine of fraudulent misjoinder until instructed otherwise by the Seventh Circuit Court of Appeals); *Roland v. Janssen Rsch. & Dev., LLC*, No. 3:17-CV-00582-DRH, 2017 WL 3033786, at *2 (S.D. Ill. July 18, 2017) (collecting cases).   Defendant fails to cite any controlling case law establishing that the doctrine of fraudulent misjoinder applies here.   Accordingly, the Court declines to recognize such doctrine until such time as it is addressed by the Supreme Court of the United States or the Seventh Circuit Court of Appeals.

Defendant also cites to the doctrine of fraudulent joinder, which the Seventh Circuit recognizes as occurring "either where there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in the pleading."   *See Roland*, 2017 WL 3033786, at *2 (citing *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993); *see also Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (the "fraudulent joinder" doctrine prohibits a plaintiff from joining a non-diverse defendant in an action simply to destroy diversity jurisdiction).

"To establish fraudulent joinder, 'a removing defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th

Cir. 2013) (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original)). Defendant carries the "heavy burden" of showing that the plaintiff's claim has "no chance of success" against the non-diverse defendant." *Poulos*, 959 F.2d at 73. The Court's role in evaluating allegations of fraudulent joinder is "to determine whether Plaintiff's complaint provides a reasonable basis for predicting that the plaintiff might be able to recover against an instate defendant … not to ascertain the merits of [the] claim." *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1096 (S.D. Ill. 2007) (citations omitted).

Defendant raises a variety of argument for why Dr. Ike, Inc.'s claims cannot succeed against Defendant. Defendant outlined many of these reasons in its Motion to Dismiss, arguing that Plaintiff's claims should be dismissed for a lack of personal jurisdiction and for being improperly venued due to the arbitration and venue clauses in the parties' contracts (Doc. 16). In addition to these reasons, Defendant now argues that Plaintiff Dr. Ike, Inc.'s claims are duplicative of the claims in another federal lawsuit, *Mabe, Inc. v. Optum RX*, 17-cv-1102-MEM (M.D. Penn) (Doc. 34, pp. 7, 12). Thus, Defendant asks the Court to dismiss or transfer the duplicative claims citing concerns of judicial economy and claim-splitting (Doc. 34).[8] Upon review of the *Mabe* docket sheet, there is indeed a Plaintiff named Dr. Ike, Inc. d/b/a Dr. Ike's Pharmacare, which is identified as a California corporation with its principal place of business in California at 11736 Ventura Blvd., Studio City, California (Doc. 34-2, ¶ 149).[9] Further, diversity

---

[8] Defendant raised this request in response to Plaintiff's Motion to Remand (Doc. 34) in purported violation of Fed. R. Civ. P. 7 (requiring all requests for a court order to "be made by motion") and has not otherwise moved to transfer or dismiss Dr. Ike, Inc.'s claims on this basis (*See* Doc. 16).
[9] Court documents are public records of which the Court can take judicial notice. *See Spiegel v. Kim*, No. 18-2449, 2020 WL 1073071 (7th Cir. Mar. 6, 2020).

jurisdiction does not appear to have been at issue in the *Mabe* case because the case proceeded as a "mass action" under 28 U.S.C. § 1332(d)(11) (Doc. 34-2, ¶ 435).

Plaintiff, however, argues that its claims in this matter and the *Mabe* case are different because they involve different transactions, contracts, and claims (Doc. 49) (citing *United States ex rel. Lisitza v. Par Pharm. Companies, Inc.*, 62 F. Supp. 3d 743, 752 (N.D. Ill. 2014) ("although claim-splitting is often inappropriate and barred by res judicata, it is not absolutely prohibited; under certain circumstances, '[l]itigants who want to split a claim among different suits can do so.'"); *see also Matter of Stoecker*, 5 F.3d 1022, 1031 (7th Cir. 1993) (res judicata did not apply where both claims "arise ultimately out of" the same loan and bankruptcy, because "conduct giving rise to the two claims occurred at different times and involved different acts by different parties"). This defense can also be waived, *see United States ex rel. Lisitza*, 62 F. Supp. 3d at 752, and is a matter of this Court's discretion. *See Champ v. Simmon*, No. 19-CV-00345-NJR, 2020 WL 584083, at *2 (S.D. Ill. Feb. 6, 2020) (Issues of claim-splitting and judicial economy are discretionary actions, and "district courts are given latitude to exercise that discretion.") (internal citations and markings omitted).

The Court need not undertake a claim-splitting analysis here because Defendant has not cited any controlling case law establishing that the doctrine of fraudulent joinder applies to plaintiffs. Indeed, the cases cited by the Court above discuss fraudulent joinder in the context of a non-diverse *defendant*. Courts in this district, however, routinely decline to apply fraudulent joinder to plaintiffs. *See Feeley*, 2019 WL 4261545, at *3 (citing *Reeves v. Pfizer, Inc.*, 880 F. Supp. 2d 926, 928 (S.D. Ill. 2012) ("Without contrary direction

14

from the Seventh Circuit, this Court finds that extending the doctrine of fraudulent joinder to joinder of plaintiffs would be, like fraudulent misjoinder, a massive increase to this Court's jurisdiction.")); *see also Hinrichs v. Dow Chem. Co.*, No. 16-CV-1284-PP, 2017 WL 2773681, at *5 (E.D. Wis. June 26, 2017) (declining to apply the fraudulent joinder doctrine to plaintiffs and noting that "as far as this court can find, the Seventh Circuit has not expanded the fraudulent joinder doctrine to plaintiffs....").

The Court is not aware of any case from the Seventh Circuit Court of Appeals that has expanded the fraudulent joinder doctrine to plaintiffs in the recent years.  Moreover, the Seventh Circuit has cautioned that "'[n]either § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal.'" *In re Paraquat Products Liability Litigation*, 2022 WL 3754820, at *4–5 (*citing Garbie*, 211 F.3d at 410).  Even if an in-state plaintiff is "added to prevent removal, that is their privilege; plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum." *Garbie*, 211 F.3d at 410.

Here, the claims of the California Dr. Ike, Inc. are just as "real" as those of the other plaintiffs in the complaint.  Plaintiffs allege that Dr. Ike, Inc. submitted claims for reimbursement to Defendant when Defendant was conducting its alleged fraudulent reimbursement scheme in violation of the parties' contracts and other state laws (*See generally*, Doc. 1-1).  Plaintiffs allege this scheme was in place since January 1, 2013, and continuing through the present (*See* Doc. 1-1, ¶ 108), thus encompassing events prior to Dr. Ike, Inc.'s purported asset sale in 2019.  Further, as Plaintiff correctly notes, dissolved

15

California corporations retain the ability to prosecute and defend actions. *See* Cal. Corp. Code § 2010. Therefore, based on the current record before the Court, Dr. Ike, Inc. is not a nominal party, and the Court will not disregard it.

Finally, nothing compels the Court to evaluate the other issues raised by Defendant concerning personal jurisdiction and venue because the Court is free to choose among threshold grounds for denying audience to a case on the merits. *See Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 821 (7th Cir. 2016). The Court has no reason to believe that these issues cannot be adequately addressed by the state court.

## Conclusion

The parties are not completely diverse. Thus, the case should not have been removed. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand (Doc. 17) and **REMANDS** this case to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois for lack of subject matter jurisdiction.

In light of this Order, the Court **DENIES as moot** all pending motions.

Finally, although complete diversity did not exist at the time of removal, neither the Seventh Circuit Court of Appeals nor the United States Supreme Court have addressed the validity of the fraudulent misjoinder doctrine. Thus, the Court declines to award fees or expenses under 28 U.S.C. § 1447(c).

      **SO ORDERED.**

      Dated: January 17, 2023

                                        _____

                                        DAVID W. DUGAN
                                        United States District Judge